# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-00-00326-CR

---

**Abraham Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 50,642, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

---

Appellant Abraham Garcia was released on bond pending trial on an indictment accusing him of burglary of a habitation. He subsequently failed to appear in accordance with the conditions of that bond. Based on this evidence, a jury found appellant guilty of failing to appear and assessed punishment, enhanced by a previous felony conviction, at imprisonment for eighteen years and a $1500 fine. *See* Tex. Penal Code Ann. § 38.10(a) (West 1994).

The pending burglary indictment was introduced in evidence by the State during the guilt phase of trial. Appellant concedes that the indictment was admissible to prove that the offense for which his appearance was required was a felony, and thus to establish the district court's jurisdiction. *See id.* § 38.10(f). Appellant contends, however, that the court erred by admitting the enhancement paragraph of the burglary indictment, which alleged a previous felony conviction for aggravated assault with a deadly weapon. He urges that his previous assault

conviction was irrelevant to the question of whether he failed to appear for the burglary trial. *See* Tex. R. Evid. 401, 402.

The State replies that the enhancement paragraph of the burglary indictment was admissible at the guilt stage to show appellant's motive for failing to appear. *See* Tex. R. Evid. 404(b). Because of his previous conviction, appellant faced a possible life sentence if convicted of the burglary rather than a maximum term of twenty years' imprisonment. *See* Tex. Penal Code Ann. § 12.42(b) (West Supp. 2001). Appellant responds that the State's argument fails in the absence of any evidence that he appreciated the significance of the enhancement allegation.

We believe that the possibility of an enhanced punishment upon conviction for the burglary was a fact tending to make it more probable that appellant's failure to appear was intentional or knowing, even in the absence of proof that appellant had been told or otherwise knew the legal significance of the enhancement allegation.[1] As a consequence, we conclude that the court did not abuse its discretion by refusing to redact the enhancement paragraph from the burglary indictment before admitting it in evidence at the guilt stage of appellant's trial.

If the court did err by overruling appellant's objection, however, we also conclude that the admission of the enhancement paragraph did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). During jury selection, counsel for both the State and appellant emphasized to the panelists that appellant's guilt of the alleged burglary offense was irrelevant in

---

[1] Appellant does not contend that the probative value of the evidence was outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403.

this trial for failing to appear.[2]  Only three witnesses testified at the guilt stage of trial: the owner of the bail bond company, the employee of the bond company who attempted to notify appellant of his trial setting, and the bailiff who called appellant's name in the courthouse lobby.  The only contested issue was whether appellant had been given adequate notice to appear.  This was also the subject that dominated the jury arguments at the close of the guilt stage.[3]  No reference was made during argument to the enhancement paragraph contained in the burglary indictment.  Under the circumstances shown here, any error in the admission of the enhancement paragraph did not have a substantial and injurious influence in determining the jury's guilty verdict.  *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Appellant's sole issue is overruled and the judgment of conviction is affirmed.

_____
Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   March 15, 2001

Do Not Publish

_____

[2]  The prosecutor admonished the panelists that it would be "improper" for them to consider whether or not appellant "committed the other offense."  Defense counsel emphasized that the presumption of innocence attached to the alleged burglary, just as it did to the alleged failure to appear for which appellant was on trial.

[3]  Appellant expressly declined a jury instruction limiting the jury's consideration of the challenged evidence to the issues of motive and intent, and none was given.